UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

GLEN MICHAEL NIEDERMEIER,
    *Defendant-Appellant.*

No. 03-4510

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-02-34)

Submitted: January 14, 2004

Decided: April 8, 2004

Before WIDENER, WILKINSON, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Jonathan D. Fittro, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Glen Michael Niedermeier appeals his conviction and sixty-three month sentence imposed for two counts of possession of a firearm after being convicted of a felony, in violation 18 U.S.C. § 922(g) (2000).

Niedermeier first contends that the district court erred in denying his motion to dismiss the indictment based on his claim of pre-indictment delay. However, Niedermeier has not established that any delay was intentionally designed to give the Government a tactical advantage over him. Neither has he shown that he suffered actual prejudice because of such delay. Accordingly, we affirm the district court's ruling. *See United States v. Marion*, 404 U.S. 307, 324 (1971); *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403-04 (4th Cir. 1985).

Niedermeier also contends that the district court erred in admitting evidence of marijuana plants found on his property because the probative value of the evidence was substantially outweighed by its prejudicial nature. A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. *Sasaki v. Class*, 92 F.3d 232, 241 (4th Cir. 1996). After a close review of the evidence, we find no abuse of discretion. *Id.*

Niedermeier contends that the district court erred in increasing his criminal history category based upon his state court conviction for manufacturing marijuana because had the Government indicted him in a timely fashion, he would not have been forced to plead guilty to state charges of marijuana manufacturing prior to facing federal firearm charges. However, the Sentencing Guidelines clearly provide for a one-point increase for Niedermeier's state conviction. *U.S. Sentencing Guidelines Manual* §§ 4A1.1, 4A1.2, comment. (n.1) (2000). Moreover, we conclude that Niedermeier's claim of pre-indictment delay has no bearing on the calculation of his criminal history. Accordingly, we conclude that the district court properly calculated Niedermeier's criminal history points.

Finally, Niedermeier contends that the court should not have increased his criminal history score by two points for committing the instant offense while on probation because he was not on active supervised probation in the state of New Jersey. However, the Sentencing Guidelines provide for two additional criminal history points if the instant offense is committed while the individual is "under any criminal justice sentence, including probation." USSG § 4A1.1(d). Moreover, application note four states that "active supervision is not required for this item to apply." USSG § 4A1.1(d), comment. (n.4). Accordingly, we conclude that the district court correctly applied these two points to Niedermeier's criminal history score.

Accordingly, we affirm Niedermeier's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*